UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR IMMIGRATION STUDIES,
1629 K Street, NW, Suite 600,
Washington, DC 20006

          Plaintiff,

v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
200 Independence Avenue SW
Washington, DC 20201

          Defendant.

Civil Action No.

## COMPLAINT

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against U.S. Department of Health and Human Services ("**HHS**" or "**Defendant**") to compel compliance with the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the academic

community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4. Defendant HHS is an agency of the U.S. Government headquartered at 200 Independence Avenue, SW, Washington, DC 20201, and is subject to FOIA. HHS has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 30, 2024, Defendant received via email an expedited FOIA request from Plaintiff which sought the following records ("**FOIA Request**"):

> 1) **Records sufficient to show the number of UAC sponsor applications submitted – as well as those processed – between January 1, 2017 through the date of the search. Requester would like responsive information broken down by year and/or month if possible.**
>
> 2) **Records sufficient to show the number of UAC sponsor applications denied between January 1, 2017 through the date of the search. Requester would like responsive information broken down by year and/or month if possible.**
>
> 3) **Records sufficient to show the number of UAC sponsor applications denied because they (or someone in their household and/or care plan) were "barred by Section 2.7.4"[1] between January 1, 2017 through the date of the search. Requester would like responsive information broken down by year and/or month if possible.**
>
> 4) **Records sufficient to show the number of UAC sponsor applications denied because they (or someone in their household and/or care plan) were "barred by Section 2.7.4"[2]**

---

[1] https://www.acf.hhs.gov/orr/policy-guidance/unaccompanied-children-program-policy-guide-section-2#2.7.4
[2] https://www.acf.hhs.gov/orr/policy-guidance/unaccompanied-children-program-policy-guide-section-2#2.7.4

           **between January 1, 2017 through the date of the search because of an issue with their criminal history. Requester would like responsive information broken down by year and/or month if possible.**

     5) **A copy of all "Notification of Denial Letter[s]" sent from January 1, 2022 through December 31, 2023. If the total number of responsive Letters exceeds 100, the agency only needs to produce the first 100 consecutively issued starting in January 1, 2022.**

(Footnotes included) (**Exhibit 1**.)

6. On January 31, 2024 Defendant sent Plaintiff an email acknowledging its receipt of Plaintiff request, and assigned the request Case No: 24-F-0153. (**Exhibit 2**.)

7. On February 1, 2024, Defendant sent Plaintiff an email approving Plaintiff's request for expedited processing. (**Exhibit 3**.)

8. Despite the expiration of the time limits prescribed by FOIA, as of the date of this Complaint, Defendant has yet to provide Plaintiff a "determination" as required by law. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Within the time limits prescribed by FOIA, to trigger the administrative exhaustion requirement, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.")

<u>COUNT I</u>

<u>FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE</u>
<u>(Violation of FOIA, 5 U.S.C. § 552)</u>

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant was required to make a determination on Plaintiff's FOIA Request no later than March 13, 2024. Because Defendant failed to make a determination on Plaintiff's FOIA Request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

11. Defendant is in violation of FOIA.

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA Request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Request;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Request;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant Plaintiff such other relief as the Court deems just and proper.

Dated:   June 13, 2025                     Respectfully submitted,

*/s/ Colin M. Farnsworth*
Colin M. Farnsworth
D.C.C. Bar I.D. # OR0022
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
202-466-8185 ext. 126
cmf@cis.org